UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON R. McCARTY,

        Movant,

                                              File No. 1:01-cv-409

v.

                                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a proceeding brought by a federal prisoner to vacate, set aside or correct a criminal sentence pursuant to 28 U.S.C. § 2255. Movant is serving a sentence of 262 months' imprisonment (later reduced to 210 months), imposed on July 20, 1994, by the Honorable Robert Holmes Bell after Movant entered a plea of guilty to a drug conspiracy charge. 21 U.S.C. §§ 841, 846. (*United States v. McCarty*, case no. 1:93-cr-130). The matter has been referred to me for issuance of a report and recommendation pursuant to Rule 10 of the Rules Governing § 2255 Proceedings and 28 U.S.C. § 636(b)(1)(B). (Order of Reference dated 11/21/05, docket # 2).

        After the filing of a motion to vacate, set aside, or correct the sentence, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4, RULES GOVERNING § 2255 CASES. If so, the motion must be summarily dismissed. *See id.*; *see also Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (under Rule 4, RULES GOVERNING § 2255 CASES, district court has the duty to screen out motions

that, upon initial consideration, lack merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (considering Rule 4, RULES GOVERNING § 2254 CASES). The Court may sua sponte dismiss a § 2255 motion as time-barred under 28 U.S.C. § 2255 prior to ordering the respondent to answer. *See Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002); *Armstrong v. United States*, 107 Fed. Appx. 522, 523 (6th Cir. 2004) (applying *Scott* to § 2255). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255 ¶ 6.[1]

**I.**

On February 24, 1994, Movant entered a plea of guilty in this Court to one count of conspiracy with intent to distribute and to distribute cocaine and/or marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 20, 1994, Movant was sentenced to 262 months in prison, and a special assessment of $50.00 was imposed.

Movant appealed his sentence to the Sixth Circuit, which affirmed his conviction and sentence on April 13, 1995. On May 26, 1995, Movant filed a petition for writ of certiorari to the United States Supreme Court. His petition was denied by the Supreme Court on October 2, 1995.

---

[1] I note that, in September 1995, Movant filed an action entitled "Motion to Vacate Sentence Under 28 U.S.C. § 2241." At that time, the action was docketed by the Clerk's Office as a motion pursuant to 28 U.S.C. § 2255. The motion, however, did not challenge Movant's underlying 1994 conviction and sentence, but instead challenged the conditions under which the sentence was being executed. This Court dismissed the motion, adopting the report and recommendation of the magistrate judge. The magistrate judge reasoned that, considering the motion as a § 2241 habeas petition, the Court lacked jurisdiction to decide the matter the facility in which Movant was housed was not located within this district. Considering the motion as one pursuant to § 2255, the magistrate judge concluded that the issues raised in the motion did not challenge the validity of the sentence imposed upon him and therefore the motion was not cognizable under § 2255.

As a consequence, Movant's prior filing does not bar consideration of the instant motion as second or successive under 28 U.S.C. § 2255 ¶ 8. A prior dismissal on the merits, as well as certain types of decisions reached before a merits determination, has a preclusive effect under § 2255 ¶ 8. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). Because the prior motion was not dismissed on the merits, the instant motion is neither second nor successive.

During the pendency of his petition in the Supreme Court, the government filed a motion for reduction of sentence under FED. R. CRIM. P. 35(b). Counsel was appointed for Movant. On October 24, 1995, following a hearing, the Court granted the government's motion and entered an amended judgment, reducing Movant's sentence to 210 months.

On June 26, 2001, Movant filed the instant motion to vacate, set aside or correct sentence.

## II.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998). Since the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. No. 104-132, 110 STAT. 1214(1996), § 2255 motions have been subject to a one-year limitation period. "Prior to the Act, no statute of limitations governed requests for federal habeas corpus or § 2255 habeas-like relief." *Clay v. United States*, 537 U.S. 522, 525 (2003).

As amended, § 2255 ¶ 6 states as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final, pursuant to § 2255 ¶ 6(1). In the instant case, the decision became final on October 2, 1995, the date the Supreme Court denied the petition for writ of certiorari. Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Movant's petition, filed June 26, 2001, therefore clearly is not timely under § 2255 ¶ 6(1).

Among other claims, however, Movant challenges the fact that he pleaded guilty without being advised that the government had the burden to plead and prove beyond a reasonable doubt the quantity of drugs affecting his statutory penalty under 21 U.S.C. § 841(b)(1)(A). He alleges that the Supreme Court, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), initially recognized only on June 26, 2000, that all elements of an offense must be pleaded and proved at trial, including the quantity in issue in certain drug offenses. He therefore contends that his motion, filed exactly one year after *Apprendi* was decided, was timely under § 2255 ¶ 6(3).

In limited circumstances, the statute of limitations may begin to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255; *Dodd v. United States*, 125 S. Ct. 2478, 2481-82 (2005). The Supreme Court's decision in *Apprendi*, however, does not trigger the running of a new statute of limitations under § 2255 ¶ 6(3). The Sixth Circuit squarely has held that "'*Apprendi* is not retroactively applicable to

-4-

initial § 2255 motions, because *Apprendi* does not create a new "watershed rule" that improves the accuracy of determining the guilt or innocence of a defendant.'" *Regalado v. United States*, 334 F.3d 520, 527 (6th Cir. 2003) (quoting *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002)). Because the "new rule" of *Apprendi* is not retroactive to cases on collateral review, § 2255 ¶ 6(3) does not provide the date for calculating the statute of limitations. *See, e.g.*, *Oleson v. United States*, 27 Fed. Appx. 566 (2001) (holding that amendment of § 2255 motion to add *Apprendi* claim would be futile because such claim was not retroactive within meaning of § 2255 ¶ 6(3)). Therefore, absent tolling, Movant's claim is untimely.

The one-year limitation period applicable to § 2255 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Movant is untrained in the law, was proceeding

without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Movant is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss the instant motion to vacate, set aside or correct sentence as time-barred. The opportunity to file objections to this report and recommendation constitutes Movant's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the § 2255 motion to vacate, set aside or correct sentence be denied because it is barred by the one-year statute of limitations.

Dated:  November 30, 2005               /s/  Joseph G. Scoville
                                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).